UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICIA SILVA, )<br>    Plaintiff )<br> )<br>VS. )<br> )<br>HOME DEPOT U.S.A. and )<br>SEDGWICK CLAIMS )<br>MANAGEMENT SERVICES, INC.,)<br>Defendants )<br> )<br>    Defendants ) | CIVIL ACTION NUMBER 1:11-cv-12129 |

**THE DEFENDANT, SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.'S, MOTION TO DISMISS COUNT TWO OF PLAINTIFF'S COMPLAINT FOR ALLEGED VIOLATIONS OF M. G. L. 176D AND 93A**

The defendant, Sedgwick Claims Management Services, Inc., moves this Court pursuant to FRCP 12(b)(6) for dismissal of Count Two of the plaintiff's complaint for alleged violation of M.G.L. c. 93A and c. 176D. As reasons for this motion, the defendant states the plaintiff's complaint fails to state a claim for which relief can be granted, as the defendant, Sedgwick Claims Management Services, Inc, it is not "engaged in the business of insurance" and is not subject to unfair settlement prohibitions set forth in G. L. c. 176D and M.G.L. c. 93A.

Accordingly, the defendant, Sedgwick Claims Management Services, Inc., is entitled to judgment in its favor as a matter of law.

In further support of this motion, the defendant refers the Court to the attached memorandum of law.

REQUEST FOR ORAL ARGUMENT

THE DEFENDANT RESPECTFULLY REQUESTS A HEARING OF THIS MOTION BE SCHEDULED AT THE COURT'S CONVENIENCE.

Sedgwick Claims Management Services, Inc., by its attorney,

/s/ Bruce H. Murray
Bruce H. Murray, BBO #550 588
Murray Law Offices, LLC
100 Trade Center, Suite G-700
Woburn, MA 01801
(781) 929-1139
bhm@murraylawyer.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICIA SILVA,<br>    Plaintiff | )<br>)<br>) |
| VS. | )   CIVIL ACTION NUMBER 1:11-cv-12129 |
| HOME DEPOT U.S.A. and<br>SEDGWICK CLAIMS<br>MANAGEMENT SERVICES, INC.,<br>Defendants | )<br>)<br>)<br>)<br>) |
| Defendants | ) |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, SEDGWICK CLAIMS
MANAGEMENT SERVICES, INC.'S, MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM

FACTS

According to the plaintiff's complaint, this action arises out of an incident which occurred on or about July 6, 2010 at the Home Depot store located at 701 Boston Post Road East, Marlboro, Massachusetts. The plaintiff alleges that she slipped and fell on liquid on the floor causing her to fall and sustaining low back injury. The plaintiff's medical bills are allegedly $5,832.28. The plaintiff's settlement demand is $70,000. At the time of the incident, Home Depot USA was "self-insured". The term "self-insured", is a manner of referring to a decision not to be insured by a third party when one has the financial means to satisfy claims or judgments imposing liability for wrongful conduct". *Morrison v. Toys R Us*, 441 Mass. 451 at FN. 1, 806 N.E.2d 399 (2004). Essentially, it's simply a term of art for "no insurance". The plaintiff's complaint alleges the defendant, Home Depot USA, Inc. (hereinafter "Home Depot"), owns and operates a retail store and that Sedgwick Claims Management Services, Inc. (hereinafter "Sedgwick CMS"), was

contracted to "manage, handle, and adjust personal injury claims" as a third party administrator for Home Depot. (See plaintiff's complaint, para.17).

The plaintiff has commenced suit alleging negligence against Home Depot, and a claim for alleged M.G. L. c. 93A violation for unfair and deceptive settlement practices against Sedgwick Claims Management Services, Inc.[1] (Plaintiff's complaint, Count Two).

## LEGAL STANDARD

A motion to dismiss should be granted when, taking all the well-pleaded factual allegations in the pleadings as true, the complaint fails to state a claim upon which relief may be granted. See *Curtis v. Herb Chambers 1-95, Inc.*, 458 Mass. 674, 676 (2011). Massachusetts has adopted the heightened pleading standard for motions to dismiss set forth by the Supreme Court in *BellAtl Corp. v. Twombly*, 550 U.S. 554 (2007). See *Iannachino v. Ford Motor Co.*, 451 Mass. 623, 635-36 (2008). Under that standard, a plaintiff's pleading must articulate his entitlement to relief in "more than labels and conclusions .... Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 636 (quoting *Twombly*, 550 U.S. at 545); *Plante v. Town of Blackstone*, No. 09-2632, 2010 WL 2764696, at *3 (Mass. Super. May 11, 2010) ("[W]here labels and conclusions are no longer an acceptable foundation for a complaint... a threadbare recital of the elements of a cause of action, supported by mere conclusory statements, [does] not suffice.") (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) and *Iannachino*, 451 Mass. at 636) (internal quotation marks omitted) (App. 266). Thus, a defendant is entitled to dismissal when wholly conclusory statements are unsupported other than the possibility that a

---

[1] The complaint alleges Sedgwick CMS is in violation of G.L. c. 93A because, it allegedly violated the provisions of G.L. c. 176D . Para. 33-35.

2

plaintiff might later establish some 'set of [undisclosed] facts' to support recovery. Now, to survive a motion to dismiss filed pursuant to Mass. R. Civ. P. 12(b)(6), "a plaintiff is required to present more than labels and conclusions, and must raise a right to relief 'above the speculative level...[based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Nahill* v. *Raytheon* Co., No. 06-3883-BLS2, 2009 WL 909813 (Mass. Super. 2008) (quoting *Iannacchino*, 451 Mass. at 636). There must be "allegations plausibly suggesting" an entitlement to relief. *Iannacchino*, 451 Mass. at 636; *see also Ashcroft* v. *Iqbal*, 129 S. Ct. 1937, 1949 (2009) (further defining "facial plausibility" as used in *Twombly*).

Plaintiff has failed to allege any facts meeting this standard, and as a matter of law, the Complaint should be dismissed in its entirety as to Sedgwick Claims Management Services, Inc.

## ARGUMENT

I.    **The defendant, Sedgwick CMS, is not "engaged in the business of insurance", and is not subject to unfair settlement prohibitions set forth in G. L. c. 176D and G.L. c. 93A.**

The plaintiff's complaint alleges the defendant, Home Depot, owns and operates a retail store. Sedgwick CMS is a claims management service and is a third party administrator for Home Depot. Neither Home Depot nor Sedgwick CMS are "engaged in the business of insurance".

The plaintiff alleges no facts to raise a right to relief above the speculative level that Sedgwick CMS was "engaged in the business of insurance", and any such allegation is merely conclusory and amounts to no more than a label. Sedgwick CMS does not charge "premiums", and is not **contractually obligated** to pay claims on behalf of Home Depot. Sedgwick CMS does not assume the risk for Home Depot's wrongful conduct and does not provide "liability"

payments or "loss payments" for damage from accident to, or injury suffered by, an employee or other person, for which Home Depot is liable, as those terms are defined in MGL c. 175, sec. 1. Sedgwick CMS does not provide "insurance contracts", or enter agreements by which it, for consideration, promises to pay money or its equivalent to claimants upon the destruction, loss or injury of something in which said party has an interest. See MGL c. 175, sec.2. Sedgwick CMS is not required to be registered with, nor is it regulated by, the Commonwealth of Massachusetts Division of Insurance.

The Supreme Judicial Court addressed these exact issues in the matter of *Morrison v. Toys "R" Us, Inc., Massachusetts*, 441 Mass. 451, 806 N.E.2d 399 (2004). See also, *Hanley v. Walker*, Suffolk Superior Court, Opinion Number: 03-2214-E, As-is Docket No. 03-2214-E ("self-insured" taxi company held not in business of insurance); *Touma v. Sears Roebuck & Company*, 66 Mass. App. Ct. 1116 (2006)(93A claim against Sears properly dismissed because Sears is not in the business of insurance); *Lemos v. Electrolux North America, Inc.*, 78 Mass. App.Ct. 376 (2010)(Although under the policy Electrolux has a duty to defend {and perhaps, a duty to settle, a matter not clear under the policy}, under the *Morrison* decision Electrolux is not in the business of insurance. It is therefore not subject to c. 176D); *Anzalone v. Massachusetts Bay Transp. Auth.*, 403 Mass. 119 (1988). (A self-insuring employer under the workmen's compensation law does not become an insurance company." *Id.* at 122, citing *Bertrand v. Quincy Mkt. Cold Storage & Warehouse Co.*, 728 F.2d 568, 571 (1st Cir. 1984). (The MBTA, a self-insurer under G. L. c. 152, could not be liable under G. L. c. 93A, §9, for refusing to pay workers' compensation payments) *Id.*

In Morrison, the plaintiff brought suit against Toys "R" Us alleging that the defendant committed unfair trade practices prohibited by G.L c. 176D sections 3(9) (d), (f.), and (g) when it

refused initially to pay her claim without conducting a reasonable investigation, when it failed to effectuate a prompt, fair, and equitable settlement of her claim when it's liability was clear; and when it compelled her to institute litigation by offering substantially less than the amount ultimately recovered in her underlying negligence action. Id, at 455. In *Morrison*, the record indicated that, when a claim of less than $1 million is made against Toys, or one of its subsidiaries, the company handles that claim internally, through a risk management department in its national office designed exclusively to administer such claims. Claims adjusters in Toys' risk management department conducted settlement negotiations with the plaintiff including extending settlement offers. The Supreme Judicial Court found in favor of Toy R Us reasoning that:

> "The prohibitions set forth in G. L. c. 176D, § 3 (9), the statute regulating unfair acts and practices in the business of insurance, "were enacted to encourage settlement of insurance claim...and discourage insurers from forcing claimants into unnecessary litigation to obtain relief."(Citations omitted) They specifically were "designed to remedy a host of possible violations in the insurance industry and [were imported to G. L. c. 93A by virtue of St. 1979, c. 406, § 1, amending G. L. c. 93A, § 9 (1),] to subject insurers committing violations to the remedies available to an injured party under G. L. c. 93A." (Citations omitted) One obvious legislative concern was that entities that profit from selling insurance policies not abuse exclusive rights and duties to control litigation vested through those same policies." Id at 454-455.

It is well known, that in most insurance policies, in addition to assuming the risk for the insured, the insurance company also obtains the right to control the litigation. It has not been alleged, nor is there any evidence that, Sedgwick CMS has the right to control the litigation against Home Depot. In this case, Home Depot controls the litigation brought against it. Home Depot makes the decisions whether or not to settle a case and if so, for how much. It is Home Depot's money that pays the settlement and/or judgments against it. Sedgwick CMS investigates

5

and provides recommendations for Home Depot, but it is not Sedgwick CMS's money that pays the claim. Sedgwick CMS has no *contractual* obligation to Home Depot to settle any claim.

## II. Because Sedgwick CMS is not an insuring entity subject to the standards imposed by G.L. c. 176D section 3 (9), it can not as a matter of law, be held liable under G.L. c.93A for bad faith settlement practices.

The Court in Morrison specifically addressed the issue of whether there existed an **independent** right of action under MGL c. 93A for alleged unfair or deceptive claims settlement practices by a self-insuring corporate entity engaged in trade or business. The Court held that, "[B]ecause Toys is not an insuring entity subject to the standards imposed by G. L. c. 176D, it cannot, as a matter of law, be held liable under G.L. c. 93A for bad faith settlement and practices. **As an ordinary defendant, Toys had no affirmative duty to settle the plaintiff's claim.**" Id.at 457. (Emphasis added) The Court in *Morrison* reasoned that:

> The difficulty with the plaintiff's argument is that the conduct of which she complains, by the statute's own terms, is unlawful only when committed by entities **"engaged in the business of insurance."** (Emphasis added) G. L. c. 176D, § 1 (a).(citations omitted) The concerns underlying the enactment of G. L. c. 176D and G.L. c. 93A cannot legitimately be extended to a self-insurer such as Toys, which had **no contractual obligation** to settle the plaintiff's claim and is not otherwise regulated by the Commonwealth for insurance activities. (Emphasis added)…"The fact that Toys itself employs claims adjusters to administer and negotiate certain claims… does not make it a member of the insurance industry. The Miller decision simply cannot be read to impose an affirmative claim settlement duty on the risk management department of Toys when none could be imposed on Toys itself." Id.

In the present case, just as in Morrison, the concerns underlying the enactment of G. L. c. 176D and G. L. c. 93A cannot legitimately be extended to a third party administrator such as Sedgwick CMS which had no **contractual obligation to settle** the plaintiff's claim and is not otherwise regulated by the Commonwealth for insurance activities. Sedgwick CMS is not engaged in the business of insurance, as it does not make profit driven business decisions about

6

premiums, commissions, marketing, reserves and settlement policies and practices. Sedgwick CMS does not assume the risk for Home Depot's wrongful conduct and does not provide "liability" payments or "loss payments" for liability claims brought against Home Depot. Whether the claims handling is conducted "internally" (i.e. Toys) or "externally" (i.e. Home Depot) through a third party administrator, makes no difference. No affirmative claim settlement duty can be imposed on Sedgwick CMS when none could be imposed on Home Depot itself.

Sedgwick CMS functions solely as a claims management department on behalf of Home Depot and has no contractual obligation to settle claims against Home Depot. "G. L. c. 176D and c. 93A does not apply to a self-insurer with an internal claims management department which has 'no contractual obligation to settle the plaintiff's claim and [was] not otherwise regulated by the Commonwealth for insurance activities.' *Morrison* at 455; *Maureen Hanley et al. v. Saffron Walker et al.*, No. 032214E, Superior Court of Massachusetts (June 18, 2009), Opinion No.: 107490, As-is Docket Number: 03-2214-E.

"The gravamen of [G.L. c.176D] is that an insurance company is required to deal in good faith with a claimant, whether an insured or a third-party, with respect to a claim which the insurance company is *contractually obligated to pay*. Absent a contractual obligation, there simply is no bad faith cause of action either at common law or by statute." Morrison. at 458 n.3 (emphasis in original) (quoting with approval the Kentucky Supreme Court's decision in Davidson v. American Freightways, Inc., 25 S.W.3rd 94, 100 (Ky. 2000), construing a substantively similar statute to G.L.c. 176D). The court in Morrison went on to say:

> We emphasize, however, that G. L. c. 93A applies only to actions taken in the course of "trade or commerce," (Citation omitted), and has never been read so broadly as to establish an independent remedy for unfair or deceptive dealings in the context of litigation, with the statutory exception as to those "engaged in the business of insurance." See Framingham Auto Sales, Inc., v. Workers' Credit Union, 41 Mass. App. Ct. 416, 418 (1996) ("Mere resistance to a just claim is not the stuff of [G. L.] c.

7

93A, except where made such by statute . . ."). (Citations omitted) We have stated that "[t]he purpose of G. L. c. 93A is to improve the commercial relationship between consumers and business persons and to encourage more equitable behavior in the marketplace."(Citations omitted) This purpose would not be furthered by a construction of the statute that would expose ordinary defendants (even large corporations such as Toys) to the risk of liability for multiple damages and attorney's fees for choosing to go to court rather than settling a dispute, on the ground that its litigation tactics are perceived, by the opposing side, to be unfair.(4) **We do not read the criteria set forth in G. L. c. 176D, § 3 (9), defining unfair claim settlement practices in the insurance industry, as a blanket guarantee to consumers that claims against companies with which they do business, even claims in which liability is clear, will be settled before going to court.(5)** (Emphasis added)

"[T]he Supreme Judicial Court's holding, in substance, was that the conduct of litigation is not conduct in trade or commerce, and therefore does not give rise to liability under G. L. c. 93A, except where the legislature has expressly subjected such conduct to that statute, as in G.L. c. 176D." *Iantosca v. Merrill Lynch Fenner & Smith, Inc.*, Superior Court of Massachusetts, Opinion No. 106524, As-is Docket number: 08-0775-BLS, Suffolk, commenting on Morrison.

The defendant anticipates the plaintiff will mistakenly rely on *Miller v. Risk Management Foundation of the Harvard Medical Institutions, Inc.*, 36 Mass.App.Ct. 411, 632 N.E.2d 841 (1994)[2], which is substantially distinguishable from the case at bar. In *Miller*, the third party administrator (Risk Management), was interposed between the insurer (CRICO), and the claimants. CRICO provided medical malpractice insurance for a certain group of hospitals, doctors, and certain staff. The court in *Miller* specifically found that the third party administrator, Risk Management, was **not** in the business of insurance. *Id.* at 415. But because they were acting as the agent for the *insurance company,* the court determined that Risk Management could still be liable under 93A, and because they were the agent of the *insurance company*, it was fair to hold them to the same standards as an insurance company. Essentially the Court was not

---

[2] It should be noted *Miller v. Risk Management* was decided in 1994, ten years prior to *Morrison v. Toys R Us* decided in 2004.

going to allow an *insurance company* to hide behind a third party administrator in an effort to avoid liability for 93A/176D violations. "An insurance company cannot evade its statutory duties imposed by G. L. 176D by delegating its work". *Morrison* at 456.

In *Miller*, CRICO was "contractually obligated to pay" legitimate claims of liability on behalf of their *insureds*. In the *Morrison v. Toys R Us* case, there was no "insured". In the present case, there is neither an "insured" nor an "insurer". Rather, Home Depot "self-insured", which means the assumption of one's own risk, instead of transferring it to a third-party insurer by means of purchasing insurance coverage. *Morrison* at FN 1. "The term 'self-insured' is a manner of referring to a decision not to be insured by a third party when one has the financial means to satisfy claims or judgments imposing liability for wrongful conduct". *Id.*

The essence of insurance is that, for a fee (premium), the insurance company will assume the risk of their insured and assume a *contractual* obligation to pay legitimate claims on their insured's behalf. This is not the relationship involving Home Depot and Sedgwick CMS. Sedgwick CMS, as a third party administrator, only assists in investigating and adjusting claims for Home Depot however; Sedgwick does not **pay** the claims brought against Home Depot, nor does it *contractually* assume the risk for Home Depot's wrongful conduct. The only difference between Toys "R" Us and Home Depot is that, Toys "R" Us handled their claims internally, whereas Home Depot handles theirs "externally". Toys R Us has their own separate risk management department, located in its national office, exclusively to administer such claims. Toys' claim adjusters in their risk management department investigated and adjusted claims, and conducted settlement negotiations with claimants or their counsel. Notwithstanding, the SJC found that Toys "R" Us was **not** "in the business of insurance". "[T]he business decision of Toys

to self insure (or not insure) against certain losses arising from the operation of its retail stores does not transform it into an "insurer" for the purposes of G.L. c. 93A".

In the present case, Home Depot, rather than handling the claims internally, has "outsourced" their risk administration function to Sedgwick CMS. That however, does not transform Sedgwick CMS into an *insurer* or an entity "engaged in the business of insurance". Sedgwick CMS does not **pay** any claims on behalf of Home Depot, nor has Sedgwick CMS contractually assumed the risk on behalf of Home Depot.

> "The fact that Toys itself employs claims adjusters to administer and negotiate certain claims only against itself does not make it a member of the insurance industry. The *Miller* decision simply cannot be read to impose an affirmative claim settlement duty on the risk management department of Toys, when none could be imposed on Toys itself. The business decision of Toys to self insure (or not insure) against certain losses arising from the operation of its retail stores does not transform it into an "insurer" for the purposes of G.L. c. 93A". *Morrison* at 456.

## CONCLUSION

Sedgwick CMS is not an insuring entity nor is it "engaged in the business of insurance". It is therefore not subject to the standards imposed by G.L. c. 176D, Section 3 (9), and cannot as a matter of law, be held liable under G.L. c.93A for bad faith settlement practices. Accordingly, the defendant's Motion to Dismiss should be allowed.

Defendant, Sedgwick Claims Management
Services, Inc., By its Attorney,

/s/ Bruce H. Murray
Bruce H. Murray, BBO #550 588
Murray Law Offices, LLC
100 Trade Center, Suite G-700
Woburn, MA 01801
(781) 929-1139
bhm@murraylawyer.com

10


## CERTIFICATE OF SERVICE

I hereby certify that this Motion to Dismiss and Memorandum of Law in Support of Defendant Sedgwick Claims Management Service, Inc's Motion to Dismiss For Failure to State a Claim filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non registered participants on November 16, 2012.

Alan D. Hoch
106 Peabody Street
Groton, MA 01450

Peter L. Bosse
Jeffrey E. Dolan
BOYLE, SHAUGHNESSY & CAMPO, P.C.
695 Atlantic Avenue, 11th Floor
Boston, MA 02111

/s/ Bruce H. Murray
Bruce H. Murray