UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-12129-GAO

PATRICIA SILVA,
Plaintiff,

v.

HOME DEPOT U.S.A. and SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,
Defendants.

OPINION AND ORDER
September 17, 2013

O'TOOLE, D.J.

This case arises out of a slip and fall by the plaintiff at a Home Depot location in Marlboro, Massachusetts. The plaintiff, claiming negligence, is seeking damages from Home Depot as a result of the injuries sustained. Home Depot contracts with defendant Sedgwick to handle the claims management process. The plaintiff is seeking damages against Sedgwick under Massachusetts General Laws Chapter 93A for unfair and deceptive practices in the claims settlement process. The case was removed to this Court, and Sedgwick now moves to dismiss (dkt. no. 19) the claim against it pursuant to Federal Rule of Civil Procedure 12(b)(6).

The complaint as originally filed claimed that that Sedgwick violated Massachusetts General Laws, Chapter 176D[1], which regulates unfair and deceptive business practices by companies in the business of insurance, and Massachusetts General Laws, Chapter 93A. The plaintiff claims that Sedgwick tried to frustrate the claims process through various stalling tactics. On November 16, 2012 the plaintiff and Sedgwick stipulated to a dismissal of claims

---

[1] Damages for a violation of Chapter 176D are recoverable through Chapter 93A.

based on a violation of Chapter 176D but expressly provided that claims under Chapter 93A would remain pending (dkt. no. 16). As a result, a principal argument made by Sedgwick in moving to dismiss – that it is not engaged in the "business of insurance" and thus is not subject to regulation under Chapter 176D – is no longer pertinent. The complaint otherwise avers facts that could plausibly lead to a conclusion that Sedgwick committed an unfair or deceptive act or practice in violation of Chapter 93A otherwise than by violating a stricture of Chapter 176D. See Miller v. Risk Management Foundation of Harvard Medical Institutions, Inc. 632 N.E.2d 841, 846 (Mass. App. Ct. 1994) ("Although we think the judge did well to look to the standards of c. 176D to aid her in interpreting c. 93A, we think she would have reached the same conclusion if she had disregarded c. 176D and adopted the commonplace ethical view that a claims facilitator ought not wear out the claimant by unduly delaying settlement when liability is clear.")

For the reasons stated herein, Sedgwick's Motion to Dismiss (dkt. no. 19) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge